UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHAUNTWAIN BARNES,

    Plaintiff,

v.                                              Case No. 4:19cv171-WS-HTC

ANGELA DEMPSEY,
BRITTANY FOX,
ASHLEY COYLE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. Plaintiff Shauntwain Barnes, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 4. The undersigned has screened the first amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim on which relief may be granted.

**I. Background**

Plaintiff, who is confined at the Leon County Detention Facility, filed a document without a title which the clerk construed as a civil rights complaint under

42 U.S.C. § 1983. ECF Doc. 1. On April 24, 2019, the Court ordered Plaintiff to file on the proper Court forms a first amended complaint and an application to proceed *in forma pauperis*.[1] ECF Doc. 3. The Court also explained several deficiencies with Plaintiff's complaint and warned Plaintiff that he "must ensure that his amended complaint cures the substantive legal and technical deficiencies discussed herein" and that "failure to cure the deficiencies may result in a recommendation of dismissal without further opportunity to amend." *Id.* For the reasons which follow, Plaintiff's first amended complaint (ECF Doc. 4) does not cure the deficiencies identified by the Court and should be dismissed.

In the first amended complaint, Mr. Barnes names as defendants Circuit Judge Angela Dempsey, Assistant State Attorney Brittany Fox, Public Defender Ashley Coyle and Public Defender Andy Thomas. ECF Doc 4 at 1.[2] Plaintiff raises the following claims: First, he claims that his former attorney, public defender Coyle, failed to adequately represent him by failing to file a motion to disqualify the state attorney and the judge from participation in a violation of probation hearing because Mr. Barnes had a civil suit then pending against them. *Id.* at 6. He also claims he contacted her supervisor, Defendant Thomas, to complain that Defendant Coyle had

---

[1] Plaintiff's motion for *in forma pauperis* was granted. ECF Doc. 6.

[2] Because Plaintiff inserted several pages into the first amended complaint and to promote clarity, the Court cites to the PDF page numbers of ECF Doc. 4 rather than those shown on the complaint form.

Case No. 4:19cv171-WS-HTC

not filed the motion. *Id.* at 9. Defendant Thomas allegedly promised to have Defendant Coyle file the motion, but no motion was filed. *Id.* Plaintiff contends this violated his rights under the Sixth Amendment and seeks $100,000 from Defendant Coyle and her "employer," Defendant Thomas, in their individual capacities. *Id.* at 6-7 and 10.

He further contends the state attorney, Defendant Fox, presented "little to no evidence" during the violation of probation hearing and that such evidence was "frivolous" and led to a "malicious conviction." *Id.* at 7. He also alleges there was "a conflict of interest amongst the plaintiff Shauntwain Barnes and Defendant Brittany Fox deriving from a previous suit…causing the Plaintiff … to suffer from vindictive and retaliations render [sic] by the opposing Defendant assistant state attorney … and circuit judge Angela Dempsey." *Id.* at 7-8. He contends Defendant Fox thus violated his due process rights and right to be free from cruel and unusual punishment, "causing Plaintiff Shauntwain Barnes to be found guilty." *Id.* at 8. He does not appear to seek monetary damages from Defendant Fox. Instead, he seeks only injunctive relief "or whatever relief I am entitled to." *Id.* at p. 11.

Finally, he alleges that, despite introduction of mental health testimony that he should be sentenced to eighteen months of in-patient mental health treatment, he was "vindictively sentenced" by Judge Dempsey to five (5) years in prison followed by three (3) years of mental health probation. *Id.* at 9. This combined sentence, he

alleges, is outside the 34.5 months he scored at sentencing and deprives him of "adequate mental health treatment [and] medications the Plaintiff needs to function on a daily basis." *Id.* He contends this violated the Eighth Amendment. *Id.* As with his claims against Defendant Fox, Plaintiff does not appear to seek monetary damages from Defendant Dempsey. Instead, he seeks only injunctive relief "or whatever relief I am entitled to." *Id.* at p. 11.

## II. Legal Analysis

### A. 28 U.S.C. 1915 Prescreening Standard

Because Plaintiff is a prisoner, the Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

      **B.**     **Plaintiff's sole remedy for challenging his conviction or sentence is a petition under 28 U.S.C. § 2254**

When a state prisoner like Plaintiff "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Griffin v. Levenson*, 400 F. App'x 476, 477 (11th Cir. 2010) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)). Here, to the extent Plaintiff is challenging the conviction for violation of probation directly, such a claim cannot be brought in a § 1983 action and must be brought via 28 U.S.C. § 2254. *Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005) (claim that state court erred in holding that Plaintiff had violated his community control for two violations of conditions could only be brought via a habeas petition, not § 1983).

Moreover, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Here, Plaintiff's § 1983 challenges the validity of his conviction and sentence because a finding in favor of Plaintiff would essentially invalidate his sentence. Therefore, a § 1983 claim is the incorrect vehicle for this case. *See Heck,* 512 U.S. at 481, 487.

Similarly, to the extent Plaintiff's claims of ineffective assistance of counsel by Defendants Coyle and Thomas are intended to support an attack on his conviction and sentence, such claims must also be brought in a separate habeas petition under 28 U.S.C. § 2254.[3]

### C.    Eleventh Amendment Immunity on Official Capacity Claims

Plaintiff does not specify in what capacity he sues Defendants Fox and Dempsey, the state attorney and state judge, respectively. To the extent Plaintiff attempts to sue a state-actor defendant in that defendant's official capacity, such

---

[3] To the extent Plaintiff is seeking monetary damages based on Ms. Coyle's or Mr. Thomas' performance as defense counsel, he must do so by a state-law legal malpractice claim (assuming the statute of limitations on any such claim has not expired and he can meet the elements of same), not a claim under 42 U.S.C. § 1983. Additionally, even if this Court were to liberally construe Plaintiff's complaint as stating a legal malpractice claim, this Court would not have original jurisdiction over such a claim as there has been no showing of diversity jurisdiction; and the undersigned recommends the Court decline to exercise supplemental jurisdiction over any such claim given the lack of merit as to any federal claims. *See* 28 U.S.C. §§ 1331, 1332.

Case No. 4:19cv171-WS-HTC

claim should be dismissed. Official capacity lawsuits are "in all respects other than name . . . treated as a suit against the entity." *Ky. v. Graham*, 473 U.S. 159, 166 (1985). "The Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2002). This prohibition extends to both suits against the State itself and ones against an "arm of the State," *id.*, irrespective of whether a plaintiff seeks monetary, injunctive or declaratory relief. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).

Notwithstanding the foregoing, *Ex parte Young*, 209 U.S. 123 (1908), held that the Eleventh Amendment permits a suit for prospective injunctive relief against state officials to compel them to perform their duties in the future in a constitutional and unbiased fashion. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). However, such relief cannot be given to correct a past wrong. *See Summit Med. Asso., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) (noting an ongoing and continuous violation of federal law is required for the *Ex parte Young* doctrine to apply). This exception to Eleventh Amendment immunity does not assist the Plaintiff as his claims for injunctive relief seek to remedy alleged wrongs in his state court prosecution, conviction for violating probation, and sentencing, which are "past wrongs." The Eleventh Amendment therefore bars the Plaintiff's claims against the state actor Defendants in their official capacities. *Brown v. Turner*, No. 1-17-CV-00449-KOB-

TMP, 2017 WL 3836077, at *4 (N.D. Ala. July 21, 2017), *report and recommendation adopted*, No. 1-17-CV-00449-KOB-TMP, 2017 WL 3781621 (N.D. Ala. Aug. 31, 2017).

### D. Absolute Judicial and Prosecutorial Immunity

Plaintiff is also suing individuals who are immune from suit. Plaintiff's allegations against Judge Dempsey concern matters within her judicial role as the presiding judge in the criminal proceedings against Plaintiff. It is firmly settled that judges are absolutely immune from civil liability "for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1871). This immunity applies to proceedings under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547 (1967). Also, Plaintiff's allegations against Brittany Fox concern matters within her role as the state attorney in charge of the prosecution against Plaintiff. Prosecutors have absolute immunity from civil suits under section 1983 for actions intimately associated with the judicial phase of the criminal process. *Fullman v. Graddick,* 739 F.2d 553, 558 (11th Cir.1984).

### III.  Conclusion

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2.  That the clerk be directed to close the file.

DONE AND ORDERED this 30th day of May 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv171-WS-HTC